IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:06-CR-72-D
No. 4:09-CV-162-D

EDWARD A. FERREL VIDAL )
)
Petitioner, )
)
v. ) **ORDER**
)
UNITED STATES OF AMERICA, )
)
Respondent. )

On January 8, 2007, Edward A. Ferrel Vidal ("Vidal" or "petitioner") pleaded guilty, pursuant to a written plea agreement, to possession with intent to distribute a quantity of cocaine in violation of 21 U.S.C. § 841 [D.E. 7]. On June 19, 2007, this court sentenced Vidal to 138 months' imprisonment [D.E. 20]. On July 9, 2007, Vidal timely appealed [D.E. 22]. On October 30, 2007, Vidal filed a motion to dismiss the appeal, which was granted on the same date. United States v. Vidal, No. 07-4702, [D.E. 31] (4th Cir. 2007). On September 18, 2009, Vidal filed a motion to vacate pursuant to 18 U.S.C. § 2255 [D.E. 32]. On March 3, 2010, the United States ("government") filed a motion to dismiss [D.E. 37] pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. On April 22, 2010, Vidal responded to the motion to dismiss [D.E. 45], to which the government replied [D.E. 46]. Because Vidal's motion to vacate is untimely, the government's motion to dismiss is granted.

I.

Between entering his guilty plea and his sentencing, Vidal attempted to cooperate with the government. Sentencing Tr. 7. The government did not view the information provided as substantial assistance. Id. at 7–8. On June 19, 2007, at his sentencing hearing, Vidal provided the government with a photograph in an effort to receive a motion for downward departure. Id. at 8.

However, the government did not make a motion for a downward departure at sentencing. Id. During the sentencing hearing, the court asked whether "there may be a Rule 35" to which Assistant United States Attorney Michael James ("AUSA James") replied: "That's a possibility, Judge." Id. Vidal alleges that after the sentencing hearing, AUSA James stated that agents would talk to him regarding information he possessed on other individuals involved in drug trafficking. Pet'r's Mem. Supp. 5. On July 9, 2007, Vidal filed a notice of appeal. On September 26, 2007, Vidal wrote to AUSA James inquiring why agents had not yet visited him. Id. at 6 & Ex. D. Vidal received no reply to his letter. Id. at 6. On October 30, 2007, Vidal filed a motion to dismiss his appeal in anticipation of cooperation with the government and upon advice of counsel. See id. at 6–7. On January 5, 2008, Vidal wrote another letter to AUSA James, informing him of his reason for "withdrawing" his appeal, and again inquired into the failure of agents to interview him. Id. at 6–7 & Ex. E. Vidal received no reply to his letter. Id. at 9. On May 13, 2008, Vidal wrote another letter to AUSA James, stating he had sent his attorney a letter with information for the government, and stated he felt he was being "left in the dark." Id. at 7 & Ex. F. Vidal received no reply to his letter. Id. at 9. On August 18, 2008, Vidal again wrote AUSA James, reminding him of his cooperation and asking the government to file a Rule 35. Id. at 7 & Ex. G. Vidal received no reply to his letter. Id. at 9. "On or about February 12, 2009," Vidal learned from his attorney that the government would not file a Rule 35(b) motion. Id. at 9 & Ex. H. On February 12, 2009, Vidal wrote a final letter to AUSA James, asking him to reconsider his decision. Id. at 7–8 & Ex. H. Vidal received no reply to his letter. Id. at 9. On September 18, 2009, Vidal filed his motion to vacate.

Section 2255 establishes a one-year statute of limitations for the filing of a motion to vacate. 28 U.S.C. § 2255(f). The period runs from the date on which a petitioner's judgment becomes final. Id. § 2255(f)(1). If the government took action in violation of the Constitution or laws of the United States that impeded a petitioner from filing a motion to vacate, the period will run from the date on which the impediment is removed. Id. § 2255(f)(2).

2

Here, Vidal contends that his judgment was final no later than January 28, 2008. Pet'r's Resp. 3. Assuming without deciding that this date is accurate, Vidal has not demonstrated a government impediment under section 2255(f)(2) sufficient to alter the filing deadline. As mentioned, such an impediment must violate the Constitution or laws of the United States. See 28 U.S.C. § 2255(f)(2). Vidal, however, has "pointed to no federal statute or constitutional provision that the [government] violated." Johnson v. Fla. Dep't of Corr., 513 F.3d 1328, 1332 (11th Cir. 2008). Moreover, the government's failure to respond to Vidal's letters does not constitute such an impediment. See United States v. Moore, 38 F. App'x 185, 186 (4th Cir. 2002) (per curiam) (unpublished). Notably, Vidal was able to mail letters to AUSA James between the date his judgment became final and the expiration of the one-year statutory period. Furthermore, Vidal was able to communicate with counsel during this time period. In sum, there was no government impediment, and Vidal's motion to vacate is untimely.

In order to save his motion to vacate, Vidal seeks equitable tolling and notes (correctly) that a court has the authority to equitably toll the filing period of section 2255. See, e.g., United States v. Prescott, 221 F.3d 686, 687–88 (4th Cir. 2000). Moreover, "[a]s a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (quotation omitted). However, the "[p]rinciples of equitable tolling do not extend to garden variety claims of excusable neglect." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Equitable tolling is available only when the government prevented the filing of the petition, or extraordinary circumstances beyond the petitioner's control made it impossible to file the petition on time. Id.; Harris, 209 F.3d at 330. A petitioner must "adduce circumstances showing that he is entitled to the relief requested." Prescott, 221 F.3d at 688. Because "apply[ing] equity generously would loose[n] the rule of law to whims about the adequacy of excuses . . . any resort to equity must be reserved for those rare

3

instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period." Harris, 209 F.3d at 330.

Here, Vidal claims the government's failure to respond to his letters prevented the timely filing of his motion to vacate. However, nothing prevented Vidal from filing his motion to vacate and simultaneously seeking relief under Rule 35. See, e.g., Gregory v. United States, No. 3:03-CR-162, 2008 WL 4980397, at *2 (W.D.N.C. 2008) (unpublished). A petitioner's decision based on an erroneous understanding of the law or misplaced hope is more akin to garden variety excusable neglect than an extraordinary circumstance beyond the petitioner's control. See, e.g., Rouse, 339 F.3d at 246. Vidal's decision to abstain from timely filing his section 2255 petition was voluntary. He hoped his abstention would facilitate the filing of a Rule 35 motion. Vidal's hope was misplaced. This case does not present a rare instance where it would be unconscionable to enforce the limitation period. See, e.g., Harris, 209 F.3d at 330. Therefore, the court declines to apply equitable tolling.

II.

The court GRANTS Vidal's motion for extension of time [D.E. 44] to file his response. However, Vidal's section 2255 petition was untimely. Therefore, the government's motion to dismiss [D.E. 37] is GRANTED, and petitioner's section 2255 petition [D.E. 32] is DISMISSED.

SO ORDERED. This 19 day of January 2011.

JAMES C. DEVER III
United States District Judge