IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:06-CR-72-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| EDWARD A. VIDAL | ) | |
| | ) | |
| Defendant. | ) | |

On June 19, 2007, after considering the entire record, this court sentenced Edward A. Vidal ("Vidal") to 138 months' imprisonment for possession with intent to distribute a quantity of cocaine in violation of 21 U.S.C. § 841(a)(1). See Sentencing Tr. [D.E. 28] 11–15; [D.E. 20]. Vidal's total offense level was 33, his criminal history score was I, and his advisory guideline range was 135 to 168 months. See Sentencing Tr. 6–7.

On December 11, 2014, Vidal moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10(c), and U.S.S.G. Amendment 782. See [D.E. 61]. Vidal's amended total offense level is 31, his criminal history category is I, and his advisory guideline range is 108 to 135 months. In his motion, Vidal states that his projected release date is October 7, 2015. [D.E. 61] 1. On April 20, 2015, Vidal moved to be released from custody and to dismiss his three-year term of supervised release. See [D.E. 62]. On June 30, 2015, the government responded in opposition to Vidal's motion for a sentence reduction. See [D.E. 65].

Vidal is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10(c), and Amendment 782 because his projected release date is before November 1, 2015. See U.S.S.G. § 1B1.10(e)(1) ("The court shall not order a reduced term of imprisonment based on

Amendment 782 unless the effective date of the court's order is November 1, 2015, or later."); see also U.S.S.G. § 1B1.10(a)(2)(A). Thus, Vidal's motion under 18 U.S.S.G. § 3582(c)(2), U.S.S.G. § 1B1.10(c), and Amendment 782 is denied. Likewise, his motion for immediate release and to dismiss his three-year term of supervised release is denied. See 18 U.S.C. § 3582(c).

Alternatively, even if the court has discretion under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10(c), and Amendment 782 to reduce Vidal's sentence, the court would not be required to reduce Vidal's sentence. See, e.g., United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). Vidal distributed an extensive amount of cocaine in Lenoir County. Having (again) reviewed the entire record and having considered all relevant policy statements, the court continues to believe that Vidal received the sentence that was sufficient but not greater than necessary under 18 U.S.C. § 3553(a) and Vidal's early release or termination of supervision would threaten public safety. See, e.g., Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321. Accordingly, the court denies Vidal's motion for a sentence reduction and his motion for immediate release and cancellation of supervised release.

In sum, Vidal's motion for a sentence reduction [D.E. 61] and motion to dismiss his term of supervision and request for time served [D.E. 62] are DENIED.

SO ORDERED. This 17 day of August 2015.

JAMES C. DEVER III
Chief United States District Judge